# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDI ELIKAEI,<br><br>　　　　　　　　　　　Petitioner,<br><br>　v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; JOSEPH FREDEN, Acting Field Office Director, San Diego Office of Detention and Removal, U.S. Immigrations and Customs Enforcement, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, Immigration and Customers Enforcement, U.S. Department of Homeland Security; SRICE OWEN, Acting Director of Executive Office for Immigration Review; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAM BONDI, Attorney General of the United States,<br><br>　　　　　　　　　　　Respondents. | Case No.: 25-cv-03219-DMS-AHG<br><br>**ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

Pending before the Court is Petitioner's petition for writ of habeas corpus ("Petition"). (ECF No. 1). Respondents filed response in opposition, (Opp'n, ECF No. 8), and Petitioner filed a traverse, (Traverse, ECF No. 9). The facts, claims, and arguments in this case are similar to those presented in *Sadeqi v. LaRose*. --- F. Supp. 3d ----, 2025 WL 3154520 (S.D. Cal. Nov. 12, 2025). The Court finds the reasoning of that case persuasive, and adopts and applies it wholesale to this case.

The only argument Respondents raise here that was not addressed in *Sadeqi* is that applying the *Banda v. McAleenan* test is "deficient" because it "fails to take into account the public's obvious interest in keeping those from terrorism-related backgrounds detained and then removed, and also fails to account Congress's emphatic attempts to ensure that foreign nationals involved in terrorism-related activities are not permitted to infiltrate the country." 385 F. Supp. 3d 1009 (W.D. Wash. 2019); (Opp'n 15–16). Respondents express concerns about Petitioner's reported involvement with the Islamic Revolutionary Guard Corps ("IRGC"), which Respondents allege is a Tier I designated foreign terrorist organization. (Opp'n 1). Petitioner argues that he was "subjected to and completed compulsory military service years as a conscript prior to IRGC's designation as a Tier I [Foreign Terrorist Organization]." (Traverse 1). Petitioner also alleges that he had "no choice or control over being assigned to the IRGC," did not receive any military training during his service, and is not familiar with military affairs. (*Id.* at 1–2). Respondents do not cite any legal authority that suggests *Banda* is inapplicable in cases with similar facts, nor do Respondents "offer any alternative framework for determining whether Petitioner's detention is prolonged." *Sadeqi*, 2025 WL 3154520, at *3.

The Court finds that the *Banda* test remains the appropriate standard and that the factors weigh in favor of Petitioner. Thus, "Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released"—and at which, Respondents can present evidence that Petitioner's involvement with the IRGC poses a national security risk. *See id.* at *7

1  (internal citations omitted).

2  Based on the reasoning of *Sadeqi* and the reasons above, the Petition is **GRANTED**.
3  Respondents are directed to arrange an individualized bond hearing for Petitioner before
4  an immigration court within **fourteen (14) days** of the entry of this Order.  Further, the
5  parties are **ORDERED** to file a Joint Status Report within **twenty one (21) days** of this
6  Order's entry, confirming Petitioner received a bond hearing.

7  **IT IS SO ORDERED.**

8  Dated:  December 10, 2025

Hon. Dana M. Sabraw
United States District Judge