# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MAHDI ELIKAEI,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; et al.,

Respondents.

Case No.:  25-cv-03219-DMS-AHG

**ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT**

**[ECF No. 12]**

On November 19, 2025, Petitioner petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his prolonged detention without a bond hearing amounted to a due process violation.  (ECF No. 1.)  On December 10, 2025, this Court agreed, over Respondents' opposition, and granted the Petition.  (*See* ECF No. 10.)  Respondents were ordered to provide Petitioner an "individualized bond hearing, at which Respondents must justify [his] continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released" within fourteen (14) days of entry of the Order.  (*Id.* at 3.)  Petitioner received a bond hearing on December 23, 2025, wherein the immigration judge denied bond "on the basis that the Department of Homeland had established that Petitioner is both a danger to the community and a flight

25-cv-03219-DMS-AHG

risk." (ECF No. 11, at 2.) Petitioner appealed to the Board of Immigration Appeals ("BIA"), which remains pending. (ECF No. 12, at 2.) Now, Petitioner moves this Court to enforce its judgment on the basis that the immigration judge abused his discretion when denying bond. (*Id.* at 6–7.) This matter is fully briefed, (*see* ECF Nos. 15 (Respondents' opposition), 16 (Petitioner's reply)), and suitable for decision without oral argument, (*see* ECF No. 17). Considering the briefs, submitted evidence, and legal authority, the Court denies Petitioner's motion.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Generally, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial remedies before seeking relief under § 2241." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation modified) (citation omitted). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Id.* at 998. "Grounds for waiving exhaustion include finding that: (1) administrative remedies 'are inadequate or not efficacious,' (2) exhaustion 'would be a futile gesture,' (3) 'irreparable injury will result' if petitioner is required to exhaust administrative remedies, or (4) 'administrative proceedings would be void.'" *Kasovi v. Larose*, No. 26-CV-02185, 2026 WL 1239769, at *1 (S.D. Cal. May 5, 2026) (citing *Laing*, 370 F.3d at 1000).

Here, Petitioner received a bond hearing within fourteen (14) days of the Court's Order, and the IJ correctly articulated Respondents' burden. The Court finds Petitioner's claims of error should be decided "in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review." *Lara v. Bondi*, No. 26-CV-1125, 2026 WL 892021, at *3 (S.D. Cal. Apr. 1, 2026). Petitioner argues that his continued detention pending his BIA bond appeal amounts to irreparable injury, and thus, exhaustion should be waived. (ECF No. 12, at 12–13.) "The Court considers this argument, not in the abstract, but in light of the hearing that the immigration judge held and . . . the asserted errors; and determines that

Petitioner's continued detention while he pursues those claims with the BIA does not amount to irreparable injury warranting waiver of the exhaustion requirement." *Lara*, 2026 WL 892021, at *3. The Court is also unpersuaded by Petitioner's argument, (*see* ECF No. 12, at 13–15), that it is necessarily futile or inadequate to exhaust with the BIA. *See Nagiyev v. Warden, Otay Mesa Det. Ctr.*, No. 25-CV-3744, 2026 WL 945965, at *3 (S.D. Cal. Apr. 7, 2026); *see also Sharma v. Archambrault*, No. 26-CV-00513, 2026 WL 381611, at *2 (S.D. Cal. Feb. 11, 2026) ("Although Petitioner presents some compelling statistics, the Court is not prepared to find that appeal to any BIA judge is necessarily futile."). Thus, the Court determines that the prudential exhaustion requirement applies here, and declines to waive that requirement. Petitioner's motion to enforce is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 5, 2026

Hon. Dana M. Sabraw
United States District Judge

25-cv-03219-DMS-AHG